UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                           :

MARIE IDDRISS,                         :

                                   :

               Plaintiff,          :

                                   :        25-cv-2799 (LJL)

    -v-                         :

                                 :          ORDER

HONG DIEP REALTY INCORPORATED ET AL.,   :

                                 :

             Defendants.     :

                                 :
------------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      The final pretrial conference in this matter is scheduled for Wednesday, February 18.  In advance of that conference, the Court attaches the voir dire it intends to use at trial.

      SO ORDERED.

Dated: February 17, 2026
      New York, New York                          _____
                                           LEWIS J. LIMAN
                                  United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/17/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIE IDDRISS,<br><br>             Plaintiff,<br><br>             -v-<br><br>HONG DIEP REALTY INCORPORATED,<br><br>             Defendant. | 25-cv-2799 (LJL) |

LEWIS J. LIMAN, District Judge:

## I.      Introduction

Good morning, ladies and gentlemen.  Welcome to the United States District Court for the Southern District of New York.  My name is Lewis Liman, and I will be presiding over the trial for which we are here today to select a jury.  The case is a civil case entitled *Marie Iddriss v. Hong Diep Realty Incorporated.*  I expect the trial to be completed by the end of this week.  Those of you who are selected to serve on the jury would then be excused from jury duty.  Those who are not selected to serve on the jury in this case will be eligible to serve on one of the other trials for which jury selection is scheduled to occur this week or next week.  I'll have more to say in a few moments about our schedule.

Before we get started, I want to thank you for being here.  Your presence reflects your serious commitment to your civic responsibilities.  I recognize that some of you are inconvenienced by this service.  Jury service, however, is one of the highest and most important duties of a citizen of the United States.  As the Supreme Court has recognized, "Jury service preserves the democratic element of the law, as it guards the rights of the parties and ensures continued acceptance of the laws by all of the people.  It affords ordinary citizens a valuable

1

opportunity to participate in a process of government, an experience fostering, one hopes, a respect for law.  Indeed, with the exception of voting, for most citizens the honor and privilege of jury duty is their most significant opportunity to participate in the democratic process." [*Powers v. Ohio*, 499 U.S. 400, 407 (1991) (citations and internal quotations marks omitted).]  Our system of justice depends on you.

In a few minutes, if you have an extraordinary personal hardship that prevents you from serving in this case, you will have an opportunity to bring that to my attention.  I emphasize the word "extraordinary" because, as I said, I know that many of you have jobs or other places that you would rather be.  Unfortunately, it would be too hard for us to seat any jury at all if that were enough to excuse you from service.  The parties would not get a fair trial.  The hardship must be extraordinary for you to be excused.  So I appreciate your full cooperation.

Our purpose today is to make sure that we have a jury of citizens who will decide the issues in this case both fairly and impartially, and without any bias or prejudice in favor of, or against, either side.  In order to do that, I am going to ask certain questions of you—questions about your personal background, your family, your beliefs and experiences, and things of that nature.

You should understand that my questioning is not intended to pry into your lives, but to make sure that we select fair and impartial jurors, who can listen to the evidence with an open mind, and decide the issues in this case based only on the sworn testimony given in this courtroom, on whatever exhibits may be received in evidence, and on my instructions as to the law.  If at any time you feel uncomfortable for any reason in answering a question in front of other jurors, just raise your hand and ask if you may come up to the bench at sidebar, and I will discuss it with you in the presence of the attorneys.

From your answers to my questions, I will be able to determine whether you should be excused "for cause"—that means, for a good reason. Your answers will also allow the parties to make informed use of their peremptory challenges. Peremptory challenges give each party the right to excuse a certain number of jurors without giving any reason for doing so.

My questions to you, and your answers to them, are not evidence in this case, and you should not regard them as having any bearing in this case. That said, it is very important that you not say in open court anything about the parties in this case or about any other matter that might affect the open-mindedness and fairness of the other jurors. If there are any matters that you feel should be disclosed to me that might influence the other jurors, or any matters of a sensitive nature, you should ask to approach the bench to discuss them. If you are excused, do not consider that a reflection on you personally. This is all part of our system of justice, which is intended to provide all parties with a fair and impartial jury. You will have done your duty by your presence here today and your readiness to serve if chosen.

## II.     Summary of the Case

Before we proceed, let me give you a brief summary of the case so that you have some sense of what it is about as we go through jury selection. As I told you a moment ago, however, nothing I say is evidence. The evidence that you will consider, if selected as a juror, will only come from the trial testimony of witnesses and from exhibits that are admitted into evidence.

I will now describe the allegations in this case in order to determine whether anything about this case may make it inappropriate for any of you to serve on the jury.

This is a civil case. It involves an incident which occurred on November 21, 2023, at 123-125 West 20th Street in Manhattan. The plaintiff Marie Iddriss alleges that, while visiting the Defendant's property, she was injured when she fell down a small flight of interior stairs. The

defendant Hong Diep Realty was the owner of the property.  Plaintiff alleges that the property was not in a reasonably safe condition and that Defendant violated applicable building Codes. Defendant disputes these allegations.

### III.    Trial Schedule

Let me now tell you a little more about our schedule.  I expect to complete jury selection promptly today.  Trial will then begin.  We will sit every weekday until trial is over.  Counsel have advised me that they expect that this trial will likely be over by the end of this week.  I share that expectation.  Obviously, of course, it is possible that the trial could last a little longer, although that is unlikely.

Each day, the jury sits between 9:00 a.m. and 5:00 p.m.  We try to make the experience as pleasant as possible.  Each day, a light breakfast is available before trial in the jury room at 8:30 a.m. for jurors who want it.  If you are selected to serve, I will encourage you to arrive early— or at least on time—so as not to delay the other jurors and participants in the trial.  We will take a lunch break at approximately 1:00 p.m., will take a short mid-morning comfort break, and will take a midday comfort break at which refreshments will be served.  I make every effort to move trials along promptly and to make efficient use of your time.  As I said earlier, following the trial, you would be excused from your jury service.  Those of you who are not chosen to sit on this case will be eligible to be chosen to serve on the jury in a different case.

### IV.    Functions of the Judge and Jury

Finally, before I ask you specific questions, let me explain a few basic rules of law that must guide all of us during this trial.  The function of the jury is to decide questions of fact.  You who are chosen as jurors will be the only judges of the facts, and nothing the Court or the parties say or do may in any way intrude on your role as the exclusive fact-finders, based only on the

evidence presented during the trial.  When it comes to the law, as distinguished from the facts, however, you must take your instructions from the Court—that is, from me—and you are bound by those instructions.  You may not substitute your own ideas of what the law is or what you think it should be.

Let me add that, during the course of the trial, you will receive all the evidence you may properly consider to decide the case.  Because of this, unless and until you are excused as a juror, you should not attempt to gather any information on your own relating to the case.  Do not engage in any outside reading on this case; do not attempt to visit any places mentioned in the case; do not use the internet (including Google, Facebook, "X", Threads, or any other social media site or website) to learn anything about the case or anyone involved in the case.  Do not do research of any nature or talk to anyone about the facts of the case or anyone involved in it.

The reason for these rules, as I am sure you understand, is that your decision in this case must be made solely on the evidence presented at the trial, or the lack of evidence.

## V.      Oath

We will now be handing out a questionnaire.  I will go through it with you in just a moment, and I will read aloud each question.  Please do not write on it just yet, and please do not read ahead.  But before we proceed any further, I will ask Mr. Fishman, my courtroom deputy, to administer the oath to all of you.

*[Matt administers the oath.]*

## VI.     Filling the Box

We will be selecting 8 jurors for this case.  To do that, we need to qualify 14 prospective jurors; I will start by questioning the people in seat numbers 1–14, but I am confident that I will be questioning others beyond these 14 individuals.

Please listen carefully as I explain how we are going to proceed.

To begin, I am going to ask Juror Number One, [**Mr./Ms. _____**], each of the questions on the form, except for the questions on the last page under the heading "Questions for Individual Prospective Jurors," which we will get to later.  Even though I will be speaking directly to Juror Number One at that time, all of you sitting in this courtroom, should be paying close attention and following along on your questionnaire.  If *your* answer to any question I ask to Juror Number One is "yes," please use your pen to circle the number of that question.  Do not write your name or make any other marks on the questionnaire; the only marks you should make are circles around the questions for which the answer is "yes."

When I finish going through the questions with Juror Number One, I will ask Juror Number Two, [**Mr./Ms. _____**], if [**he/she**] had any "yes" answers to any of the questions.  After doing so with Juror Number Two, I will do the same for Juror Number Three and so on down the line.  After Juror Number One, however, I will not re-read the questions aloud.  That is why it is very important that you listen carefully the first time and that, *as I read each question* to Juror Number One, you circle the number of the question if your answer is "yes."

To those individuals who are not among the first 14 people selected, you should also listen carefully to my questions and follow along, and also circle the number of any question to which you have a yes answer, because some of you may be called upon to take the place of a prospective juror who has been excused for cause.  If you do end up taking a seat, I will ask you to quickly tell me if you have any affirmative, or yes, answers to the questions I have asked.

After each juror tells me whether they have any "yes" answers to these questions, I will ask that juror to tell me what those answers are.  If there are matters that you believe you should disclose but that might tend to influence the other jurors, I will have you approach the bench to

6

discuss them. Also, if any questions call for personal information that you would rather not mention in front of everyone in court, simply tell me that you would like to approach the bench.

Once I have resolved all the challenges for cause, I will ask each prospective juror the background questions at the end of the questionnaire; and the parties will then exercise their peremptory challenges.  8 of the 14 will be left, and they will be our jurors.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARIE IDDRISS,

Plaintiff,

-v-

HONG DIEP REALTY INCORPORTED,

Defendant.

25-cv-2799 (LJL)

---

LEWIS J. LIMAN, District Judge:

## **Questions for Jurors**

**A.    General Questions**

1.  Do you have any ideas or prejudices that would prevent or hinder you from following my instructions as to the law?

2.  Do you have any doubt that you will be able to apply the law as I explain it, even if you disagree with the law or believe it should be different?

3.  Do you have any problem accepting any of the following instructions:

    a.  that this is a civil case, and not a criminal case;

    b.  that your decision must be based solely on the evidence presented at trial and my instructions to you concerning that evidence;

    c.  that the burden of proof in this case is preponderance of the evidence, meaning more likely than not, and not the proof beyond a reasonable doubt standard applicable to criminal cases;

    d.  that you are to keep an open mind and not to discuss the evidence in the case amongst yourselves or with anyone else until all the evidence is presented, you have

1

heard my instructions on the law, and I have instructed you to begin your deliberations;

    e.   that you are to consider the quality, and not the quantity, of the evidence presented; and

    f.   that your personal feelings towards the parties or their counsel may not enter into your deliberations?

4. Do you have any strong feelings about litigation in general that would make it difficult for you to be a fair and impartial juror in this case?

5. Do you have any doubt that you would be able to evaluate each witness's credibility without bias or prejudice?

6. Do you have any religious or ethical beliefs that would prevent you from passing judgment on another person or entity?

7. Do you believe that you have personal knowledge of the allegations in this case as I have described them to you?

8. Have you read or heard anything about this case through the media, the Internet, or any other source?

9. Is there anything about the nature of this case or the facts as I have described them that would make it difficult for you to render a fair and impartial verdict?

10. If you are chosen as a juror, do you know of any reason why you could not be fair and impartial?

**B.    Knowledge of the Trial Participants**

11. The plaintiff is Marie Iddriss.  Ms,. Iddriss will now stand.  Do you know Ms. Iddriss or any close friend of hers or any member of her family?

12. Ms. Iddriss is represented at trial by Matthew Haicken of Haicken Law.  Mr. Haicken will now stand.  Do you know Mr. Haicken or his firm?

13. The defendant is Hong Diep Realty Incorporated.  Its representative here is Louis Diep. Mr. Diep will now stand.  Do any of you know Hong Diep Realty Incorporated, Mr, Diep, or any employee of Hong Diep Realty Incorporated?

14. Defendant is represented at trial by Warren Holland of Goldberg, Miller & Rubin.  Mr. Holland will now stand.  Do you know Mr,. Holland or his firm?

15. Do you know any of the following whose names may be mentioned at trial:

    a.  Oumar Dagnogo

    b.  Carol Alleyne

    c.  Doug Peden

    d.  Dr. Lon Weiner

    e.  Dr. Bradley Wasserman

    f.  Sally Elsakary

    g.  Juli Averill

    h.  Kids at Work

    i.  Star Pro Physical Therapy

    j.  The New Jewish Home

16. During this trial, you will also see me and members of the Court's staff, including Matt Fishman, the courtroom deputy, and my law clerks, Alex Herkert, Will Moss, and Katie Roop.  Do you know any of us?

17. Do you know anyone else in this courtroom, including other prospective jurors?

3

C.    **Personal Juror Experiences and Opinions**

*[For the questions in this section, if your answer is yes, please also answer the follow-up question:  Is there anything about that experience that would affect your ability to consider the evidence in this case with an open mind or to follow my instructions on the law?  If the matter is sensitive, it can be discussed at the bench.]*

18. Do you have any beliefs or feelings about civil lawsuits or the parties that bring them or defend them, that would make it difficult for you to be fair and impartial in this case?

19. Have you ever studied law?

20. Have you or a family member or a close friend ever sued someone for a personal injury?

21. Have you or a family member or a close friend ever been sued by someone for a personal injury?

22. Would you have any difficulty awarding money damages to an injured person if the evidence shows she is entitled to it?

23. Would have you have any difficulty not awarding money damages to an injured person if the evidence showed that she was not entitled to it?

24. One of the parties here is a company and the other is an individual.  However, all litigants are equal before the law.  This means that the Plaintiff, a natural person, and Defendant, a company, are equal under the law and are entitled to the same fair consideration.  Would any of you have trouble following that instruction?

25. Do you have any pre-existing prejudice against or sympathy for either party in this case?

D.    **Other Questions**

26. Do you have any problems with your hearing or vision that would prevent you from giving full attention to all of the evidence at this trial?

4

27. Are you taking any medication, or do you have any medical condition, that would prevent you from giving full attention to all of the evidence at this trial?

28. Do you have any difficulty in reading or understanding English?

29. In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror in this case. Apart from any prior questions, do you have the slightest doubt in your mind, for any reason whatsoever, concerning your ability to serve conscientiously, fairly, and impartially in this case, and to render a true and just verdict without fear, favor, sympathy, bias, or prejudice—and according to the law as it will be explained to you?

30. Is there any other reason why you could not serve on this jury for this week and discharge the duties of a juror as I have explained them?

We are now going to turn to the page of the questionnaire headed: "Questions for Individual Prospective Jurors." We will go in order, from Juror #1 through Juror #14. When it is your turn, the microphone will be brought over to you. Please answer the questions on that page. It shouldn't take you very long. To help guide you as to the length and type of responses I have in mind, I will briefly illustrate by answering the questions myself using more or less the answers that I would give were I in your seat.

### **Questions for Individual Prospective Jurors**

1. Please state your full name and county of residence.

2. Where else have you lived in the last ten years?

3. How old are you?

4. What kind of work do you do? If you're retired, what was the last kind of work you did?

5. How long have you been in your current job?

6. Please state any other job you have had in the last five years.

7. What level of school did you reach?

8. Who are the members of your household? What do they do? If any persons are retired, what did they do before retiring? If you have any children, how old are they?

9. If any of your children work, please state the occupation of each child.

10. Have you or any member of your family ever been a party, that is a plaintiff or a defendant, in a state or federal court case? If so, what kind of case?

11. Please describe any personal hobbies and interests you have.  What television shows do you watch?  What newspapers and magazines do you read?  What websites do you view regularly?

12. What, if any, business or charitable or social organizations, including unions, do you belong to?

13. Have you ever served as a juror in any court?  If so, when and in what court did you serve, and was it a civil or criminal case?  What was the nature of the case?  Without saying what it was, did the jury reach a verdict?

14. Have you ever been a witness in a lawsuit or before a grand jury, a congressional or state legislative committee, a licensing authority, or a governmental agency?

E.    **Wrap-Up**

From time to time during the trial it may become necessary for me to talk with the lawyers out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom—what we call a "sidebar"—or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of any conference outside your viewing is not to keep relevant information from you, but to decide certain procedural issues or how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Now, we will be going to sidebar to discuss the challenges that the parties may have.


*[Discuss and resolve for-cause challenges at sidebar.]*

*[Replace struck jurors.  Ask replacement jurors if they have any affirmative answers to the questionnaire.  Resolve any additional for-cause challenges.]*

*[Undertake three rounds of preemptory challenges: Plaintiff and Defendant each get one preemptory challenge for each round.  See 28 U.S.C. § 1870.]*

*[Excuse the six strikes from the panel.  Leaves a jury of 8.]*

*[To the attorneys:*

Does either side have any objection to the procedures used to choose the jury in this case?]


*[Return to open court]*

Ladies and gentlemen, if you are not seated on the jury panel, I thank you for your service. Please return your questionnaire and retrieve your jury card from Mr. Fishman.  You can then return to the jury assembly room.

**VII.    Second Oath**

Mr. Fishman will now swear in the jury.

*[After the oath, the Court will give the following preliminary instructions to the jury.]*

**VIII.    Preliminary Instructions to the Jury**

Members of the jury, now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in the trial.

**A.    Impartiality**

To begin with, you are here to administer justice in this case according to the law and the evidence.  You are to perform this task with complete fairness and impartiality, and without bias, prejudice, or sympathy for or against any of the parties.

**B.    Finding the Facts**

It will be your duty to find from the evidence what the facts are.  You and you alone will be the judges of the facts.  You will then have to apply those facts to the law as the Court will give it to you.  You must follow that law whether you agree with it or not.  Nothing the Court may say or do during the trial is intended to indicate, or should be taken by you as indicating, what your verdict should be.

The evidence from which you will find the facts will consist of the testimony of witnesses, documents, and other things received into the record as exhibits, as well as any facts that the parties agree to or stipulate to or that the Court may instruct you to find.

Certain things are not evidence and must not be considered by you.  I will list them for you now:

First, statements, arguments, and questions by lawyers are not evidence. Nor are my own statements to you evidence. Only the answers given by the witnesses and the documents admitted as exhibits are evidence.

Second, objections to questions are not evidence. The lawyers have an obligation to their clients to make an objection when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the Court's ruling on an objection. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Third, testimony that the Court has excluded or told you to disregard is not evidence and must not be considered.

Finally, anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

When you are determining the facts, keep in mind that there are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as the testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. The word "infer"—or the expression "to draw an inference"—means to find that a fact exists from proof of another fact. An inference is to be drawn only if it is logical and reasonable to do so, and not by speculation or guesswork.

In deciding whether to draw an inference, you must look at and consider all the facts in the light of reason, common sense, and experience. Whether a given inference is or is not to be drawn

is entirely a matter for you, the jury, to decide.  Circumstantial evidence does not necessarily prove less than direct evidence, nor does it necessarily prove more.

Here is an example to help you think about the difference between direct and circumstantial evidence.  Assume that when you came into the Courthouse this morning the sun was shining and it was a nice day outdoors.  Also assume that the courtroom blinds were drawn and you could not look outside.  Assume further that, as you were sitting here, someone walked in with an umbrella that was dripping wet and then, a few moments later, somebody else walked in with a raincoat that was also dripping wet.

Now, because you could not look outside the courtroom and you could not see whether it was raining, and because no witness has testified that it is raining, you would have no direct evidence of the fact that it was raining.  But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it was raining.

That is all there is to circumstantial evidence.  You infer on the basis of reason, experience, and common sense from one established fact the existence or the nonexistence of some other fact.  I will give you further instructions on these as well as other matters at the end of the case, but keep in mind that you may consider both kinds of evidence.

### C.    Credibility of Witnesses

One of your most important tasks as jurors is to evaluate the credibility of the witnesses who will testify before you—that is, how truthful and believable they are.  Listen carefully as each witness testifies during both direct and cross examination and consider whether the witness is telling the truth.  It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject.

Now, how do you decide what to believe and what not to believe?  You are to listen to the witnesses, observe their testimony, and then decide as you would decide such questions in your own life.  Did they know what they were talking about?  Were they candid, honest, open, and truthful?  Did they have a reason to falsify, exaggerate, or distort their testimony?  Sometimes it is not what a witness says, but how he or she says it, that may give you a clue as to whether or not to accept that witness's version of an incident or an event as credible or believable.

In short, the way a witness testifies may play an important part in your reaching a judgment as to whether or not you can accept the witness's testimony as reliable.

### D.      Conduct as Jurors

Now, a few words about your conduct as jurors.

First, during the trial, you are not to discuss the case with anyone, nor are you to permit anyone to discuss it with you.  This includes posting anything on the Internet about the case, whether it be on personal blogs, Facebook, or "X" or Threads.  Until you retire to the jury room at the end of the case to deliberate, you simply are not to talk about this case with anyone—including your spouse or partner, family, or close friends.  Do not even discuss the case with each other until you begin your actual deliberations at the end of the trial.

I know that many of you use cell phones, smart phones, social media, the Internet and other tools of technology.  You must not use these tools to communicate electronically with anyone about the case.  This includes your family and friends.  You may not communicate with anyone about the case on your cell phone, which includes smart phones, through e-mail, text messaging, "X", Threads, any blog or website, any Internet chat room, or by way of any other social networking websites, including Facebook, LinkedIn, and YouTube.

Second, please do not, while you are serving as jurors in this trial, have any conversations with the parties, the attorneys, or any witnesses in this case, whether in the courtroom, in the hallways, in the elevators, outside, or anywhere else.  By this, I mean not only to avoid talking about the case; do not talk at all, even to say "good morning" or to acknowledge any of these people.  Someone seeing a juror in conversation with a party, lawyer, or witness might think that something improper was being discussed.  To avoid even the appearance of impropriety, then, avoid any such contact or conversations.  So I can tell you that, when the parties, lawyers, or witnesses pass you in the halls without even acknowledging your presence, they do not mean to be rude—they are simply following my instruction.

Third, do not read or listen to anything outside the courtroom that relates to this case in any way.  Similarly, you are not to allow anyone to speak to you about this case.  If you are approached by anyone to speak about it, politely but firmly tell them that the judge has directed you not to do so.  If any person seeks to contact you about this case, you are required to report the incident promptly to me by sending me a note through my courtroom deputy, Mr. Fishman.

Also, be sure that I am informed if any person that you know comes into this courtroom.  This is a public trial so this could happen.  But it is important that you do not hear from them what may have happened in the court while the jury was not present.  If you should see a friend or relative come into court, please send me a note through Mr. Fishman at your first opportunity.

Fourth, do not try to do any research or make any investigation about the case or the issues presented by this case.  For example, do not go onto the Internet tonight and research any matters relating to this case.  Do not call up your lawyer friends to ask about the type of matters at issue in this case.

Finally, do not form any opinion until all the evidence is in.  A case can be presented only step by step, witness by witness, until all the evidence is before you.  Keep an open mind and do not discuss the facts of the case with one another until you start your deliberations at the end of the case.

**E.      Notes**

You are permitted to take notes during the trial.  Mr. Fishman has given each of you a notepad and pen.  Please write your name on the cover of the pad.  If you do take notes, please do so only in these pads.

Remember that any notes you take are for your use only, and they are only to be used as an aid for your memory.  Your memory controls.  If you do take notes, be careful not to get so involved in taking notes that you are not listening to the evidence.  Once you are in your deliberations, if there is a disagreement between one juror's notes and another juror's notes, or between one juror's notes and another juror's recollection, you can ask to have the court reporter read back the testimony, or to have that portion of the transcript sent to you, for it is the official court transcript that controls, not any particular juror's notes.

During the course of the trial, exhibits will be received into evidence.  They will be marked by exhibit number.  If there is an exhibit that you are particularly interested in seeing during your deliberations, write down the exhibit number.  At the end of trial, as you begin your deliberations, we will provide each of you with a list of all witnesses who testified during the trial, as well as a copy of all exhibits that have been received in evidence.

**F.      Course of The Trial**

We will now begin the trial.   As I told you earlier, the trial is expected to be done this week.  Let me tell you about the trial day.  We will begin each day at 9:00 a.m.  Please be on time.

To help ensure that we start on time, please be in the jury room by 8:45 a.m. at the latest so that we begin without delay.  I will add that a light breakfast will be available in the jury room each morning at 8:30 am.  You're not required to take us up on our hospitality, but in my experience, many jurors do.  The key thing is that nobody be late.  If any of you are late, we will have to wait, for we cannot start unless all of you are here, and all of us—myself, the lawyers, the parties, the witnesses, and your fellow jurors—will have to wait.  And if we lose 10 or 20 minutes every day, we may not be able to get the trial completed on time.  As to the rest of the trial day, we will take a lunch break around 1:00 p.m. and brief mid-morning and mid-afternoon comfort breaks with refreshments provided for you during the mid-afternoon break.

Now, let me tell you how the trial will proceed.  First, we will have opening statements. An attorney for the Plaintiff will make an opening statement.  Then an attorney for the Defendant will do so.  The opening statements are neither evidence nor argument; they are simply outlines of what the attorneys believe the evidence will show, and they are given to help you follow the evidence as it is presented.

After the opening statements, the Plaintiff will present her case.  The Plaintiff will call his witnesses, and after each witness testifies, counsel for the Defendant will have an opportunity to examine the witness.

Following the Plaintiff's case, the Plaintiff will rest.  The Defendant will then present its defense to Plaintiff's case.  Defendant will have a right to call its witnesses to testify, and the Plaintiff will have the opportunity to cross-examine them.

After the evidence is completed and all sides have rested, the attorneys will give their summations.  This is the opportunity for the lawyers to summarize the evidence and to give their closing arguments.

Following the summations, I will give you instructions on the law.  You will then, finally, retire to deliberate on your verdict.

You have a tremendously important task as jurors.  It is to determine the facts.  You, and not the court, are the sole judge of the facts.  The Constitution itself recognizes your unique role in our system of justice.  So please, pay careful attention to the witnesses and evidence received at trial, as well as my instructions on the law.

We will now begin with counsel's opening statements.