```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/18/2026
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
                                                :

MARIE IDDRISS,                                 :

                          Plaintiff,         :                    25-cv-2799 (LJL)

      -v-                             :

                                    :              OPINION AND ORDER

HONG DIEP REALTY INCORPORATED, ET AL.,    :

                      Defendants.      :

                                    :
--------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Defendant Kids at Work a/ka/ KAW Inc ("KAW") moves, pursuant to Federal Rule of Civil Procedure 56, for an order granting it summary judgment. Dkt. No. 63. For the following reasons, the motion for summary judgment is granted.

## BACKGROUND

This case arises out of injuries suffered by Plaintiff Marie Iddriss ("Plaintiff") on November 23, 2023, when she slipped and fell down a stairwell on the second floor of a building located at 123 West 20th Street in New York, New York (the "Building").[1] Plaintiff was bringing a child for whom she served as nanny to KAW. Dkt. No. 63-9 ¶ 2. With the child in a stroller, she took the elevator to the second floor of the Building where KAW was located. *Id.* ¶¶ 3–4. When the elevator doors opened, she stepped out of the elevator backwards with her left foot and both hands on the stroller. *Id.* ¶ 5. As she was stepping out of the elevator, she fell backwards down the nearby stairwell. *Id.* ¶ 6. She claims that there was no handrail present at the steps by the elevator to prevent her fall. *Id.* ¶ 7.

---

[1] The facts recited in this section are undisputed except where otherwise indicated and construed in favor of the non-moving party.

Defendant Hong Diep Realty Incorporated ("Hong Diep") is the landlord of the Building. *Id.* ¶ 11. Louis Diep is the property manager, superintendent, and minority shareholder of the Building. *Id.* ¶ 8. He has lived in the building since 1994. *Id.* ¶ 9. At the relevant time, KAW was a tenant of the Building, having leased a second floor space from Hong Diep for the term October 2016 to March 2025. *Id.* ¶ 11.

A lease agreement (the "Lease") governed the relationship between Hong Diep and KAW. Dkt. No. 63-8. KAW leased from Hong Diep the Premises defined as "[t]he portion of the 2nd floor shown on Exhibit A to this lease in the building at 123 We. 20th Street, New York, New York, 10011 ('Building') . . ." *Id.* § 1.8. Exhibit A goes on to describe the premises as "Sixteen Hundred (1600) gross square feet of the second floor, commonly known as Suite #2E, at the Premises located at 123 W 20th Street, New York, NY 10011. There is approximately two hundred fifty (250) square feet of outside terrace space." Dkt. No. 63-8 at 34.

Article 10 of the Lease addresses Repairs. *Id.* Art. 10. Article 10, Section 10.1 provides: "Landlord shall, at Landlord's expense, maintain and repair the Building (including the Building systems) and the Land, except to the extent of Tenant's responsibility set forth in this Article." *Id.* § 10.1. The qualifier refers to Section 10.2, which provides that "Tenant shall, at Tenant's expense, subject to the provisions of this lease, including Article 5, as if part of Tenant's Work, maintain and repair the Premises . . . and all Building systems within and serving only the Premises, subject to reasonable wear and tear and damage for which Tenant is not responsible pursuant to this lease." *Id.* § 10.2.

Section 10.3 then provides:

Landlord shall have no liability to Tenant, there shall be no abatement of the Rent and there shall not be deemed to be any actual or constructive eviction of Tenant arising from Landlord performing any repairs or other work to any portion of the Building (including the Premises or the Building systems). Landlord shall perform

such repairs or other work in a manner which minimizes interference with the conduct of Tenant's business in the Premises and damage to the Premises, Tenant's Word and Tenant's Property (all of which shall promptly be repaired by Landlord, at its expense), but Landlord is not required to employ overtime labor or incur additional expenses.

*Id.* § 10.3.

Article 17 of the Lease addresses Access. *Id.* Art. 17. Section 17.1 of the Lease provides in pertinent part:

Landlord shall have the right, without the same constituting an eviction or constructive eviction of Tenant in whole or in part and without any abatement of the Rent or lability to Tenant, to . . . (b) enter the Premises at reasonable times on reasonable prior notice, which may be oral (but prior notice shall not be required in an emergency), to inspect the Premises, to show the Premises to others or to perform any work Landlord deems necessary or desirable to the Premises or the Building (including the Building systems) or for the purpose of complying with Laws, (c) alter, maintain or repair the Building (including the Building systems) or the Land . . . If Tenant is not present when Landlord desires to enter the Premises, Landlord or Landlord's contractors may enter the Premises (by force, in the event of an emergency) without liability to Tenant.

*Id.* § 17.1.

Section 5.1 provides that "[e]xcept as may be expressly provided in this lease," the Tenant would have no right to make any changes to the Premises, the Building, the Building systems, or any part thereof, without the landlord's consent. *Id.* § 5.1.

Julie Averill was the owner of KAW. Dkt. No. 63-9 ¶ 12. During the time that KAW rented the second-floor space, she remembered a handrail always being on the stairwell on the second floor. *Id.* ¶ 14. She never removed the handrail, never paid anyone to remove the handrail, and never asked Louis Diep to remove the handrail. *Id.* ¶¶ 13, 15–16.

Louis Diep was deposed in connection with this case. He admitted that he resided at the Building. Dkt. No. 63-4 at 33:16-18. He also testified that based on the Lease, it was the landlord's responsibility to make repairs to the Building, including the steps or stairways or elevator or hallways. *Id.* at 35:10–25. He also testified that KAW was not responsible for

3

maintenance and repair of any common areas, including the stairs, the hallways, elevators, or anything of that nature. *Id.* at 36:3–8.

## PROCEDURAL HISTORY

On April 3, 2026, Plaintiff initiated this case by filing a complaint and jury demand alleging claims of negligence against Hong Diep and KAW. Dkt. No. 1. Hong Diep answered the complaint on May 9, 2025, and filed a cross-claim against KAW for indemnification and contribution. Dkt. No. 14. Hong Diep alleged that, if it is held liable, then such liability and damages will have arisen out of the affirmative, active and primary negligence of KAW. Dkt. No. 14 at 6. Plaintiff filed an amended complaint on May 12, 2025. Dkt. No. 15. On May 12, 2025, Plaintiff served notice of its voluntary dismissal of KAW. Dkt. No. 18. KAW answered the complaint on June 17, 2025, Dkt. No. 29, and filed an amended answer and a cross-claim against Hong Diep on June 30, 2025, Dkt. No. 32. Hong Diep filed an answer to the amended complaint with cross-claim on July 1, 2025. Dkt. No. 38. It also answered KAW's cross-claim on July 1, 2025. Dkt. No. 39. By stipulation of November 10, 2025, Plaintiff agreed to dismiss all its claims against KAW, Inc. Dkt. No. 63-6.

A jury trial in this case is scheduled for February 23, 2026, with the final pretrial conference on February 18, 2026. Dkt. No. 42.

KAW filed this motion for summary judgment on January 14, 2026. Dkt. No. 63. The next day, KAW filed a letter motion seeking an extension of time to file the summary judgment motion, which was due on January 5, 2026. Dkt. No. 64. The Court permitted KAW to make a letter motion for summary judgment out of time for a showing of good cause. Dkt. No. 65. KAW did so on January 15. Dkt. No. 66. No party opposed that motion, and the Court granted it on January 26, noting that any response to the motion for summary judgment was due by January 30, 2026. Dkt. No. 70. No party opposed KAW's summary judgment motion.

4

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 56, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009). The party seeking summary judgment bears the burden of demonstrating that "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). If the movant meets its burden, "the nonmoving party must come forward with admissible evidence to raise a genuine issue of fact for trial in order to avoid summary judgment." *Jaramillo v. Weyerhaeusert Co.*, 537 F.3d 140, 145 (2d Cir. 2008).

"Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004). "If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then 'summary judgment must be denied *even if no opposing evidentiary matter is presented*.'" *Id.* at 244 (quoting *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001)).

**DISCUSSION**

KAW argues that it is entitled to summary judgment against Hong Diep's claim that it was primarily negligent in maintaining the premise such that it is required to indemnify or contribute to Hong Diep against any judgment which may be recovered. *See* Dkt. No. 38 at 6.

This Court maintains jurisdiction over this case under 28 U.S.C. § 1332. Plaintiff was, at the time of filing, a citizen of New Jersey, whereas both KAW and Hong Diep are corporations

5

existing under the laws of the state of New York with a principle place of business in New York. As to the claims between KAW and Hong Diep, the Court possesses supplemental jurisdiction under 28 U.S.C. § 1367.  Sitting in diversity, the Court applies the law of the forum state, New York.  *See Curley v. AMR Corp.*, 153 F.3d 5, 12 (2d Cir. 1998).  The lease between KAW and Hong Diep notes that it shall be "governed by the law of the State of New York."  Dkt. No. 63-8 § 25.1.  Under New York law, a "choice of law provision in the parties' contract is 'entitled to a presumption of enforceability.'"  *AEI Life, LLC v. Lincoln Benefit Life Co.*, 225 F. Supp. 3d 136, 143 (E.D.N.Y. 2016) (quoting *Dukes Bridge LLC v. Sec. Life Ins. Co.*, 2015 WL 3755945, at *4 (E.D.N.Y. June 16, 2015)).  Here, no party raises any issue as the validity or the scope of this provision, and KAW relies exclusively on New York cases in its motion for summary judgment. Accordingly, New York law applies in the instant proceeding.  *See Golden Pacific Bancorp v. FDIC*, 273 F.3d 509, 514 n.4 (2d Cir. 2001) ("The parties' briefs assume that New York substantive law governs," and "such implied consent is, of course, sufficient to establish the applicable choice of law.")

In its counterclaim against KAW, Hong Diep does not clarify if its claim is one for contractual or common law indemnification.  It states only that because its own liability is secondary to the "primary negligence" of KAW, it is entitled to indemnification.  Dkt. No. 38 at 6.  In its motion for summary judgment, KAW does not clarify that either.  In the lease agreement executed between the parties, Section 23.9 clarifies that

> Tenant shall, to the extent not caused by the negligence or willful misconduct of Landlord or its contractors or agents, indemnify, defend and hold harmless Landlord . . . from and against . . . all claims arising from any act or omission of Tenant . . .

Dkt. No. 63-8 § 23.9.  The present action might be understood to be a claim "arising from" Tenant's negligent "omission," that is, ordinary care with respect to maintenance of a handrail.

On the other hand, common law indemnification is available where there is no contractual indemnification under a theory of quasi contract "rooted in principles of equity and fairness conceptually related to restitution." *CSC Sci. Co. v. Manorcare Health Servs., Inc.*, 867 F. Supp. 2d 368, 377 (S.D.N.Y. 2011). Common law indemnity "will generally be available 'in favor of one who is held responsible solely by operation of law because of his relation to the actual wrongdoer.'" *Matzinger v. MAC II, LLC*, 2018 WL 3350328, at *2 (S.D.N.Y. July 9, 2018) (quoting *McCarthy v. Turner Const., Inc.*, 953 N.E.2d 794, 799 (N.Y. 2011)). And as to contribution, "[t]he crucial element in allowing a claim for contribution to proceed is that 'the breach of duty by the contributing party must have had a part in causing the injury for which contribution is sought.'" *Amusement Industry, In. v. Stern*, 693 F. Supp. 2d 319, 324 (S.D.N.Y. 2010) (quoting *Raquet v. Braun*, 681 N.E.2d 404, 407 (1997)).

Whether the question of indemnification is contractual or common-law, and as to the claim for contribution, the analysis thus turns on the same question: Did Ms. Iddriss's injury arise even in part from KAW's negligence—i.e., was it responsible for maintaining the stairway in the common area at issue. Because there is no genuine dispute that Hong Diep, as the landlord, was responsible for maintenance of the stairwell at issue and because there is no evidence that KAW was negligent, KAW is entitled to summary judgment.

It is undisputed that at the time of the incident, the Landlord retained ownership of the building. It is not clear from the motion for summary judgment whether the stairwell at issue is included within the "premises" as that is defined in the lease. Regardless, a landlord remains liable for the condition of a property where he is "either contractually obligated to make repairs or maintain the premises, or has a contractual right to reenter, inspect and make needed repairs at the tenant's expense, and liability is based on a significant structural or design defect that is

contrary to a specific statutory safety provision." *Babich v. R.G.T. Rest. Corp.*, 906 N.Y.S.2d 528 (1st Dep't. 2010); *see also Williams v. Matrix Fin. Servs. Corp.,* 158 F. App'x 301, 302 (2d Cir. 2005) (to invoke out-of-possession immunity, the owner must have "completely parted control of the building") (quoting *Bonifacio v. 910-930 Southern Blvd. LLC*, 800 N.Y.S.2d 421, 423 (2d Dep't 2005)); *McNeish v. Lucky Mate Co.,* 2017 WL 6034121, at *2 (E.D.N.Y. Mar. 30, 2017).

In this case, there is no genuine dispute that Hong Diep had not parted with control of the building. Hong Diep not only had the right to re-enter the Building at any time, but its minority shareholder Louis Diep also lived in the Building. In addition, as Diep admitted and the Lease clearly establishes, Hong Diep had the control obligation to make repairs and to maintain the Premises. Dkt. No. 63-8 §§ 10.3, 17.1. "Control of the premises may be established by proof of the landlord's promise, either written or otherwise, to keep certain premises in repair or by a course of conduct demonstrating that the landlord has assumed responsibility to maintain a particular portion of the premises." *McNeish*, 2017 WL 6034121, at *2 (quoting *Winby v. Kustas*, 775 N.Y.S.2d 906, 906 (2d Dep't 2004)). Because Hong Diep assumed and retained responsibility for repairs, it cannot seek indemnification from KAW for its failure to make those repairs. Because there is no evidence of negligent conduct by KAW that contributed to Ms. Iddriss's injury, KAW also is entitled to summary judgment on Hong Diep's claim for contribution.

**CONCLUSION**

The motion for summary judgment is GRANTED.  The Clerk of Court is respectfully directed to close Dkt. Nos. 63, 64.


SO ORDERED.

Dated: February 18, 2026
      New York, New York

                                          LEWIS J. LIMAN
                               United States District Judge