UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                           :

MARIE IDDRISS,                                  :

                                          :

                Plaintiff,              :

                                          :             25-cv-2799 (LJL)

      -v-                                   :

                                          :                ORDER

HONG DIEP REALTY INCORPORATED,      :

                                          :

                Defendant.           :

                                          :

------------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

       Trial in this matter is set to begin on Wednesday, February 25, 2026.  In advance of trial, the Court attaches here the proposed jury charge.

       SO ORDERED.

Dated: February 24, 2026
        New York, New York                              LEWIS J. LIMAN
                                             United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/24/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARIE IDDRISS,

                Plaintiff,

          -v-

HONG DIEP REALTY INCORPORATED,

                Defendant.

25-cv-2799 (LJL)

---

**FINAL JURY INSTRUCTIONS**

**<u>INTRODUCTION</u>**

Members of the jury, you have now heard all of the evidence as to the claim by the Plaintiff, Marie Iddriss, against the Defendant Hong Diep Realty Incorporated. You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in the case. We are near the point where you will undertake your vital function as jurors of deliberating. Now that the lawyers have made their closing arguments, I am going to instruct you about the law that governs the case. There are two parts to these instructions:

*First*, I will provide you with some general instructions about your role and about how you are to decide the facts of the case. These instructions would apply to just about any trial.

*Second*, I will give some specific instructions about the legal rules applicable to this particular case.

Then I will give you some final instructions before you begin your deliberations.

Listening to these instructions may not be easy. It is important, however, that you listen carefully and that you concentrate. I ask you for your patient cooperation and attention. You will notice that I am reading these instructions from a prepared text. It would be more lively, no doubt, if I just improvised. But it's important that I not do that. The law is made up of words, and those words are very carefully chosen. So when I tell you the law, it's critical that I use exactly the right words.

You will be able to bring your copies of what I am reading in the jury room to consult, so don't worry if you miss a word or two. But for now, listen carefully and try to concentrate on what I'm saying. I will also be distributing to you a verdict form in which to record your verdict. It will list the questions that you should consider, in the order you should consider them.

1

## 1. **GENERAL INSTRUCTIONS**

### *1.1.    Role of the Court*

I will now instruct you on the law.  It is my duty to do that, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.  It is your duty to accept my instructions on the law and to apply them to the facts as you determine them.

On these legal matters, you must take the law as I give it to you.  You must not substitute your own notions or opinions of what the law is or ought to be.  You should not, any of you, be concerned about the wisdom of any rule that I state.  Regardless of any opinion that you may have as to what the law may be—or should be—it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

If any attorney states or has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.  You should not single out any particular instruction alone as stating the law, and you should consider my instructions as a whole when you retire to deliberate in the jury room.

You are not to infer from any of my questions or any of my rulings on objections or anything else I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case.  Any questions I asked were designed to make sure that the testimony was clear and to avoid confusion.  You are expressly to understand that the Court has no opinion as to the verdict you should render in this case.

### *1.2.    Role of the Jury*

As members of the jury, you are the sole and exclusive judges of the facts.  You pass judgment upon the evidence.  You determine the credibility of the witnesses.  You resolve any conflicts there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

Although you are encouraged to use all of your life experiences in analyzing testimony and reaching a fair verdict, you may not communicate any personal professional expertise you might have or other facts not in evidence to the other jurors during deliberations.  You must base your discussions and decisions solely on the evidence presented to you during the trial and that evidence alone.  You may not consider or speculate on matters not in evidence or matters outside the case.

### *1.3.    Role of Counsel / Objections and Sidebars*

Let me talk about the role of counsel and objections and sidebars.  It is the duty of the attorneys to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  Therefore, you should draw no inference from the fact that an attorney objected to any evidence.  Nor should you draw any inference from the fact that I might have sustained or overruled an objection.

From time to time, the lawyers and I had conferences at sidebar, out of your hearing.  These conferences involved procedural and other matters.  None of the events relating to these conferences should enter into your deliberations at all.

Similarly, the personalities and the conduct of counsel in the courtroom are not in any way in issue.  If you formed reactions of any kind to any of the lawyers, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those reactions should not enter into your deliberations.

### 1.4.    *Juror Oath / Sympathy or Bias*

I know you will try the issues that have been presented to you according to the oath that you have taken as jurors in which you promised that you would well and truly try the issues joined in this case and render a true verdict. If you follow that oath, and try the issues without fear or prejudice or bias or sympathy, you will arrive at a true and just verdict.

You are to evaluate the evidence calmly and objectively, without prejudice or sympathy. You are to be completely fair and impartial. Your verdict must be based solely on the evidence developed at this trial, or the lack of evidence. The parties in this case are entitled to a trial free from prejudice and bias. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

It would be improper for you to consider, in deciding the facts of the case, any personal feelings you may have about the race, national origin, sex or age of any party or any witness, or any other such irrelevant factor. This case should be decided by you as an action between parties of equal standing in the community, and of equal worth. All of the parties are entitled to the same fair trial at your hands. The parties stand equal before the law, and are to be dealt with as equals in this Court.

### *1.5.    All Persons Equal Before the Law*

The mere fact that one of the parties in this case is a corporation does not mean it is entitled to any lesser consideration by you.  All litigants are equal before the law, and companies, big or small, are entitled to the same fair consideration as you would give any other individual party. This means you must treat Marie Iddriss and corporate entity Hong Diep Realty as equal under the law.

### 1.6.    Burden of Proof

Now, the plaintiff, Ms. Iddriss, has the burden of proving all of the elements of her claims against Hong Diep Realty by a preponderance of the evidence.  Hong Diep Realty has the burden of proof on the issue of contributory negligence, as I will explain.

Because this is a civil case, the preponderance of the evidence standard applies to all disputed issues.  Some of you may have heard of "proof beyond a reasonable doubt," which is the proper standard of proof in a criminal trial.  That requirement does not apply to a civil case such as this one, and you should put it out of your mind.

What does a "preponderance of the evidence" mean?  To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not.  A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not the number of witnesses or documents.  In determining whether a claim has been proven by a preponderance of the evidence, you may consider the relevant testimony of all the witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have offered or produced them.

If, after considering all of the testimony, you are satisfied that Ms. Iddriss has carried her burden on each essential point of her claim, then you must find in her favor, as to that specific claim.  If, after such consideration, you find that the evidence produced by the plaintiff is outweighed by the evidence against the plaintiff's position, or that the credible evidence on a given issue is evenly divided between the parties—that it is as equally probable that one side is right as it is that the other side is right—then you must decide that issue against the plaintiff.  That is because the plaintiff bears the burden of proof on her claims, and must prove more than simple equality of evidence.  On the other hand, the plaintiff need prove no more than a preponderance.

So long as you find that the scales tip, however slightly, in favor of the plaintiff—that what the plaintiff claims is more likely true than not—then that element will have been proven by a preponderance of the evidence.

### 1.7.    *What Is and Is Not Evidence*

I want to take a moment to describe to you what is and is not evidence in this case.  As I have said, you may rely only on the evidence in your deliberations.  The evidence in this case is the sworn testimony of the witnesses and the exhibits received in evidence.  On the other hand, certain things are not evidence.

First, I will describe a list of examples of things that are not evidence:

A question by a lawyer is not to be considered by you as evidence.  It is the witnesses' answers that are evidence, not the questions.  At times, a lawyer may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true.  If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

Similarly, arguments by lawyers and demonstrative exhibits used in connection with such argument are not evidence, because the lawyers are not witnesses.  Each of the lawyers has made assertions in their opening statements and in their closing statements.  What they have said in their opening statements and in their closing statements is not evidence.  It was intended only to help you understand the evidence and to reach your verdict.  However, if your recollection of the evidence that was received in Court differs from the lawyers' statements, it is the evidence and your recollection of the evidence which controls.

Statements that I may have made concerning the evidence do not constitute evidence.

Testimony that has been stricken or excluded or that I have asked you to disregard is not evidence, and it may not be considered by you in rendering your verdict.

Anything you may have seen or heard outside the courtroom is not evidence.

9

Now, I will provide you with some things that you may consider as evidence.  As I have said, evidence may come in several forms:

The sworn testimony of witnesses, regardless of who called them, is evidence.  This is true of the witnesses' answers on both direct and cross-examination.  However, if certain testimony was received for a limited purpose, you must follow the limiting instructions I have given.

The exhibits that were admitted during the trial, regardless of who may have presented them, are evidence.  However, if certain exhibits were received for a limited purpose, you must follow the limiting instructions I have given.

Any stipulations of the parties may be considered as evidence.

### *1.8.    Direct and Circumstantial Evidence*

Generally, as I told you in my initial instructions, there are two types of evidence that you may consider in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is testimony by a witness about something he or she knows by virtue of his or her own senses—something he or she has seen, felt, touched or heard. For example, if a witness testified that when she left her house this morning, it was raining, that would be direct evidence about the weather.

Circumstantial evidence is evidence from which you may infer the existence of certain facts. To restate the example I gave you last week, assume that when you came into the courthouse this morning, the sun was shining, and it was a nice day. Assume that the courtroom blinds were drawn, and you could not look outside. As you were sitting here, someone walked in with an umbrella, which was dripping wet. Then a few minutes later, another person entered with a wet raincoat. Now, you cannot look outside of the courtroom, and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact. Many facts, such as a person's state of mind, are rarely susceptible to proof by direct evidence. Usually, such facts are established by circumstantial evidence. Where circumstantial evidence is presented, it is of no less value than direct evidence, for it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence.

### *1.9.    Inferences*

During the trial, you may have heard the parties use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess.  It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact that you know exists.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence.  It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion that you, the jury, are permitted, but not required, to draw from the facts that have been established by either direct or circumstantial evidence.  In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.

### *1.10.    Witness Credibility*

You have had the opportunity to observe the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judge of the credibility of each witness and of the importance of his or her testimony.

In making these judgments, you should carefully scrutinize the testimony of each witness, the circumstances under which each witness testified, the impression the witness made when testifying, and any other matter in evidence which may help you decide the truth and the importance of each witness's testimony.

How do you determine where the truth lies?  You watched each witness testify.  Everything a witness said or did on the witness stand counts in your determination.  How did the witness impress you?  Did he or she appear to be frank, forthright, and candid?  Or was the witness evasive and edgy, as if hiding something?  How did the witness appear?  What was his or her demeanor— that is, the witness's carriage, behavior, bearing, manner and appearance while testifying?  Often it is not what a person says but how he or she says it that moves us.

[IF APPLICABLE] On some occasions during this trial, witnesses were asked to explain an apparent inconsistency between testimony offered at this trial and previous statements made by the witness.  It is for you to determine whether the prior statement was inconsistent, and if so, how much if any weight to give to an inconsistent statement in assessing a witness's credibility at trial.  Evidence of a prior inconsistent statement was placed before you not because it is itself evidence of a party's claim or defense to the claim, but only for the purpose of helping you decide whether to believe the trial testimony of a witness who may have contradicted a prior statement.  If you find that the witness made an earlier statement that conflicts with the witness's trial testimony, you may consider that fact in deciding how much of the witness's trial testimony, if any, to believe.  In

considering a prior inconsistent statement, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which the witness testified, the accuracy of his or her memory, his or her candor or lack of candor, the witness's intelligence, the reasonableness and probability of the witness's testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of the witness's demeanor, the explanations given, and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment, and your everyday experiences in life to make your credibility determinations.

If you find that any witness has willfully testified falsely as to any material fact—that is, as to an important matter—the law permits you to disregard the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything. However, you are not required to consider such a witness as totally "unbelievable." You may accept so much of the witness's testimony as you deem true and disregard what you feel is false. By the processes which I have just described, you, as the sole judges of the facts, decide which of the witnesses you will believe, what portion of each witness's testimony you accept, and what weight you will give to it.

14

### *1.11.    Preparation of Witnesses* **[IF APPLICABLE]**

You have heard evidence during the trial that certain witnesses discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.  Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying, so that the witness can be made aware of the subjects that he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them.  In fact, it would be unusual for a lawyer to call a witness without such consultation. Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

### *1.12.   Interested Witnesses*

In deciding whether to believe a witness, you should take into account any evidence that shows that a witness may benefit or avoid a harm in some way from the outcome of the case, such as a financial interest.  Likewise, you should specifically note any evidence of hostility or affection that the witness may have towards one of the parties.  You should also consider any other interest or motive that the witness may have in cooperating with a particular party.

For example, in this case, the plaintiff, Ms. Iddriss, and a representative of Hong Diep Realty, Mr. Diep, testified.  As parties or representatives of parties to this action, they are, by definition, interested witnesses.

You may also consider a witness's relationship with a party, including a present or past friendship, romantic or employment relationship, when deciding whether the testimony of the witness was in any way influenced by the witness's relationship with that party.  It is your duty to consider whether each witness has permitted any such bias or interest to color his or her testimony.  In short, if you find that a witness is biased, you should view the witness's testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

An interested witness is not necessarily less believable than a disinterested witness.  The mere fact that a witness is interested in the outcome of the case does not mean the witness has not told the truth.  It is for you to decide from your observations and applying your common sense and experience and all the other considerations mentioned, whether the possible interest of any witness, or of any party, has intentionally or otherwise colored or distorted his or her testimony.  You are not required to believe an interested witness; you may accept as much of the witness's testimony as you deem reliable and reject as much as you deem unworthy of acceptance.

16

### *1.13.  Interpreters*

You heard testimony in French.  An interpreter provided a translation.  You must rely only on the translation provided by the interpreter, even if you understand the language spoken by the witness and even if you disagree with the interpreter's translation.  Do not offer your own translation of any testimony to the other jurors at any point during the deliberations.

### *1.14.     Deposition* **[IF APPLICABLE]**

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  You may consider statements given by [Witness under oath] before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.  The deposition of [name of witness] was taken on [date].  Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

### *1.15.    Expert Witness*

You have heard the testimony of several experts in this case. When a case involves a matter of science or requires special knowledge or skill that most people do not have, a qualified witness is permitted to state his or her opinions for the information of the Court and Jury. The opinions stated by these witnesses were based on particular facts, as they obtained knowledge of them and testified about them or as the attorneys who questioned them asked them to assume. You may reject any opinion if you find the facts to be different from the facts that formed the basis for the opinion. You may also reject an opinion if, after careful consideration of all the evidence in the case, including the cross-examinations of these witnesses, you decide that an opinion is not convincing. In other words, you are not required to accept any opinion to the exclusion of the facts and circumstances disclosed by other evidence. Such an opinion is subject to the same rules concerning reliability as the testimony of any other witness. It is given to assist you in reaching a proper conclusion; it is entitled to such weight as you find the witness's qualifications in the field warrant and must be considered by you, but is not controlling upon your judgment. Your role in judging credibility and assessing weight applies just as much to these witnesses as to other witnesses. In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.

**2.  <u>SUBSTANTIVE INSTRUCTIONS</u>**

With these instructions in mind, let us turn to the substantive law to be applied in this case. Plaintiff asserts a single claim in this case. She alleges that Defendant was negligent and that Defendant's negligence was a substantial factor in bringing about her injury. Defendant denies that it was negligent and also claims that Plaintiff's own negligence was a contributory factor in her injury.

### 2.1.    *Possessor's Liability for Condition or Use of Premises—Standard of Care*

The plaintiff Marie Iddriss has sued the defendant Hong Diep Realty, claiming that Hong Diep Realty negligently maintained the property at 123 West 20th Street, New York, New York.

Negligence is the lack of ordinary care. It is a failure to use that degree of care that a reasonably prudent landlord of property would have used under the same circumstances. Negligence may arise from doing an act that a reasonably prudent person would not have done under the same circumstances, or, on the other hand, from failing to do an act that a reasonably prudent person would have done under the same circumstances.

The landlord of property must use reasonable care to keep the property in a reasonably safe condition in view of all the circumstances, including the foreseeable risk of harm to others and the burden of avoiding the risk.

Ms. Iddriss must prove that: (1) the property was not in a reasonably safe condition; (2) Hong Diep Realty was negligent in not keeping the property in a reasonably safe condition; and (3) the unsafe condition was a substantial factor in bringing about her injury.

Ms. Iddriss claims that the property was not in a reasonably safe condition because there were no protective devices, adequate signs or warnings, adequate lighting, a handrail, or monitoring personnel on a staircase at the property. She claims that the Defendant failed to hire

competent personnel to control and inspect the premises, or maintain them in a safe condition, in violation of applicable laws.  Hong Diep Realty claims that the staircase was in a reasonably safe condition, that there was both signage warning of the risk and a handrail, and that it did not violate any laws or regulations.

If you decide the property was reasonably safe, you will proceed no further.  If you decide the property was not reasonably safe, you will proceed to decide whether Hong Diep Realty was negligent in not keeping the property in a reasonably safe condition.

You will decide that Hong Diep Realty Inc. was negligent if you find that:

(a) Hong Diep Realty created the dangerous condition or,

(b) if Hong Diep Realty did not create the dangerous condition, but either

(1) Hong Diep Realty knew of the unsafe condition long enough before the occurrence to have permitted Hong Diep Realty in the use of reasonable care to have it corrected, or take suitable precautions, or provide adequate warning, and did not do so; or

(2) Hong Diep Realty did not know of the unsafe condition but in the use of reasonable care should have known of it for long enough before the occurrence to correct it, or take suitable precautions, or provide adequate warning, and did not do so.

On the other hand, you will decide that Hong Diep Realty is not negligent if you find that

(a) Hong Diep Realty did not create the dangerous condition; and

(b) Hong Diep Realty did not know about the unsafe condition and, in the use of reasonable care, Hong Diep Realty would not have been able to discover the dangerous condition and take appropriate action before the occurrence.

You will also decide that Hong Diep Realty is not negligent if you find Hong Diep Realty acted reasonably by taking suitable precautions or providing adequate warning.

### 2.2. Statutory Standard of Care—Ordinances or Regulations

Plaintiff claims that the Defendant violated a New York state regulation and New York City law. If you find that the Defendant violated the regulation, you may consider the violation as some evidence of negligence, along with the other evidence in the case, provided that such violation was a substantial factor in bringing about the injury.

Section 52 of the New York State Multiple Dwelling Law provides as follows:

§52. Stairs.

1. In every multiple dwelling erected after April 18, 1929, every interior stair, fire-stair and fire-tower and every exterior stair in connection with any dwelling altered or erected after January 1, 1951, shall be provided with proper balustrades or railings and all such interior and exterior stairs shall be kept in good repair and free from any encumbrance. Every such stair, fire-stair and fire-tower more than three feet eight inches wide shall be provided with a handrail on each side. Section 27-375(e)(f) of the City of New York Administrative Code provides as follows:

§ 27-375 Interior stairs. Interior stairs shall comply with the following requirements:

(e) Risers and treads. Risers and treads shall comply with table 6-4 and with the following: [IF APPLICABLE]

(1) The sum of two risers plus one tread exclusive of nosing shall be not less than twenty-four nor more than twenty-five and one-half inches.

(2) Riser height and tread width shall be constant in any flight of stairs from story to story.

(3) Winders shall not be permitted in required exit stairs except in one- and two-family dwellings and except as permitted in subdivision l of this section. The

23

width of winder treads when measured eighteen inches from the narrower end shall be at least equal to the width of treads above or below the winding section.

(4) Curving or skewed stairs may be used as exits when the tread and riser relationship is in accordance with table 6-4 when measured at a point eighteen inches in from the narrow end of the tread; and no tread shall be more than three inches narrower or three inches wider at any point than the width established eighteen inches in from the narrow end.

(f) Guards and handrails.  Stairs shall have walls, grilles, or guards at the sides and shall have handrails on both sides, except that stairs less than forty-four inches wide may have a handrail on one side only.  Handrails shall provide a finger clearance of one and one-half inches, and shall project not more than three and one-half inches into the required stair width.

### 2.3.    *Proximate Cause—In General*

If you find that Hong Diep Realty was negligent you must next consider whether that negligence was a substantial factor in bringing about the injury.  An act or omission is regarded as a cause of an injury if it was a substantial factor in bringing about the injury, that is, if it had such an effect in producing the injury that reasonable people would regard it as a cause of the injury. There may be more than one cause of an injury, but to be substantial, it cannot be slight or trivial. You may, however, decide that a cause is substantial in bringing about the injury even if you assign a relatively small percentage to it.

If you find that Hong Diep Realty's negligence was not a substantial factor in bringing about the injury, then you will proceed no further.  If you find that Hong Diep Realty's negligence was a substantial factor in bringing about the injury, you will proceed to decide comparative fault.

If you find that Hong Diep Realty was negligent and that Hong Diep Realty's negligence was a substantial factor in bringing about the injury, you must next consider whether Ms. was also negligent and whether her negligence was a substantial factor in bringing about the injury.

The burden is on Hong Diep Realty to prove that Ms. Iddriss was negligent and that her negligence was a substantial factor in bringing about the injury.

As I have previously stated, negligence is lack of ordinary care.  It is a failure to use that degree of care that a reasonably prudent person would have used under the same circumstances. Negligence may arise from doing an act that a reasonably prudent person would not have done under the same circumstances, or, on the other hand, from failing to do an act that a reasonably prudent person would have done under the same circumstances.

If you decide that Ms. Iddriss was not negligent, or if negligent, that her negligence was not a substantial factor in bringing about the injury, you must go on to consider damages.

25

If, however, you decide that Ms. Iddriss was negligent and that her negligence was a substantial factor in bringing about the injury, you must then apportion the fault between Ms. Iddriss and Hong Diep Realty Inc.

Weighing all the facts and circumstances, you must consider the total fault, that is, the fault of both Ms. Iddriss and Hong Diep Realty and determine what percentage of fault is chargeable to each.  In your verdict, you will state the percentages you find.  The total of those percentages must equal one hundred percent.

3. **<u>DAMAGES</u>**

My next instructions are on the law of damages.

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, that a party has suffered as a result of the actions of the Defendant. The damages that you award must be fair and reasonable, and neither inadequate nor excessive.

In awarding damages, if you decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork or speculation. On the other hand, the law does not require injured parties to prove the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

The verdict form I will give you will assist you in recording the determinations, if any, that you make as to damages.

### 3.1.   *Damages—General*

My charge to you on the law of damages must not be taken as a suggestion that you should find for the Plaintiff. Instructions as to the measure of damages are simply given for your guidance in the event you return a verdict in favor of Plaintiff. It is for you to decide on the evidence presented and the rules of law I have given you whether the Plaintiff is entitled to recover from the Defendant. If you decide that the Plaintiff is not entitled to recover from the defendant, you need not consider damages. Only if you decide that the Plaintiff is entitled to recover will you consider the measure of damages.

27

If you find that Plaintiff is entitled to recover from Defendant, you must render a verdict in a sum of money that will justly and fairly compensate Plaintiff for all losses resulting from the injuries and disabilities she sustained.  You must calculate the damages that will justly and fairly compensate Plaintiff without regard to how you have allocated any responsibility for that injury between Plaintiff and Defendant.    The Court, not the jury, is responsible for allocating the total amount of damages on the basis of the jury's findings as to liability.

### *3.2.    Damages—Personal Injury—Expenses Incurred*

If you decide for plaintiff Ms. Iddriss on the question of liability, Ms. Iddriss will be entitled to recover the amount of reasonable expenditures for medical services and medicines, including physician's charges, nursing charges, hospital expenses, diagnostic expenses and X-ray charges. Thus, you will include in your verdict the amount that you find from the evidence to be the fair and reasonable amount of the medical expenses necessarily incurred as a result of Ms. Iddriss' injuries.

[INSERT STIPULATION]

### 3.3.   *Damages—Personal Injury—Injury and Pain and Suffering*

If you decide that Defendant is liable, the damages you award should include a sum of money which will justly and fairly compensate Plaintiff for any injury, disability and conscious pain and suffering to date caused by Defendant.  Conscious pain and suffering means pain and suffering of which there was some level of awareness by plaintiff.

In determining the amount, if any, to be awarded Plaintiff for pain and suffering, you may take into consideration the effect that Plaintiff's injuries have had on plaintiff's ability to enjoy life. Loss of enjoyment of life involves the loss of the ability to perform daily tasks, to participate in the activities which were a part of the person's life before the injury, and to experience the pleasures of life. However, a person suffers the loss of enjoyment of life only if the person is aware, at some level, of the loss that she has suffered.

If you find that Plaintiff, as a result of her injuries, suffered some loss of the ability to enjoy life and that plaintiff was aware, at some level, of a loss, you may take that loss into consideration in determining the amount to be awarded to plaintiff for pain and suffering.

### 3.4.  *Income Taxes*

If your verdict is in favor of plaintiff, plaintiff will not be required to pay income taxes on the award and you must not add to or subtract from the award any amount on account of income taxes.

4.  **FINAL INSTRUCTIONS**

*4.1*    ***Right to See and Hear Exhibits and Testimony; Communications With Court***

You are now about to go into the jury room to begin your deliberations.  Before you do that, I will give you a few final instructions.

The parties have prepared a set of exhibits for you.  Those exhibits will be available to you in the jury room.  If you want any testimony sent or read back to you, you may request that.  Any communication with the Court should be made in writing, signed by your foreperson, and given to the court security officer, whom, as in all cases, I will swear to ensure that your deliberations may take place uninterrupted.

Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can.  If you want testimony read back to you, please try to be as specific as you possibly can because the court reporter will have to look through the transcript, and the parties will have to agree on what portions of testimony may be called for in response to your request, and if they disagree, I must resolve those disagreements.  If you want any further explanation of the law as I have explained it to you, you may also request that from the Court.  If there is any doubt or question about the meaning of any part of the instructions that I have given you during this trial, you should not hesitate to send me a note asking for clarification or for a further explanation.

It is very important that you not communicate with anyone outside the jury room about your deliberations or about anything touching this case.  There is only one exception to this rule. If it becomes necessary during your deliberations to communicate with me—to request testimony, or to request clarification on the law—you should send a note to me, in writing, signed by your foreperson, and given to one of the court security officers or to my deputy, Mr. Fishman.  No member of the jury should ever attempt to communicate with me except by a signed writing, and

I will never communicate with a member of the jury on any subject touching on the merits of the case other than in writing, or orally here in open court.  If you send any notes to the Court, do not disclose anything about your deliberations.  Specifically, do not disclose to anyone—not even to me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

*4.2. Notes*

Many of you have taken notes periodically throughout this trial. You should not show your notes to, or discuss your notes with, any other jurors during your deliberations. Any notes you have taken are to be used solely to assist you. The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror.

I want to emphasize to you, as you are about to begin your deliberations, that notes are simply an aid to memory. Notes that any of you may have made may not be given any greater weight or influence in determination of the case than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence. Any difference between a juror's recollection and another juror's notes should be settled by asking to have the court reporter read back the transcript, for it is the court record rather than any juror's notes upon which the jury must base its determination of the facts and its verdict.

34

### 4.3. Verdict Form

You will now retire to decide the questions I have described to you.

This case will be decided on the basis of answers you give to written questions that will be submitted to you. Each of the questions calls for a "Yes" or "No" answer, some numerical figure, or some percentage. While it is important that the views of all jurors be considered, seven of the eight of you must agree on the answer to any question, but the same seven persons need not agree on all the answers and the foreperson need not be one of those seven persons. When seven of you have agreed on any answer, the foreperson of the jury will write the answer in the space provided for each answer and each of you will sign in the appropriate place to indicate your agreement or disagreement. Each question will be followed by an instruction as to how you will proceed based upon your answer to that question.

If you disagree with an answer that seven jurors have agreed upon, you should not stop deliberating and you should not stop voting on the rest of the questions that need to be answered. In other words, you should continue participating in the deliberations and voting on all questions that require answers. When you have answered all the questions that require answers, report to the court.

During deliberations, each juror is entitled to his or her opinion, but you are required to exchange views with your fellow jurors. This is the very essence of jury deliberation. It is your duty to discuss the evidence. If you have a point of view and after reasoning with other jurors it appears that your own judgment is open to question, then of course you should not hesitate in yielding your original point of view if you are convinced that the opposite point of view is really one that satisfies your judgment and conscience. You are not to give up a point of view, however, that you conscientiously believe in simply because you are outnumbered or outweighed. You

35

should vote with the others only if you are convinced on the evidence, the facts, and the law that it is the correct way to decide the case. You are not to discuss the case until all jurors are present. Four or five jurors together is only a gathering of individuals. Only when all thejurors are present do you constitute a jury, and only then may you deliberate.

### *4.4. Selecting a Foreperson and the Foreperson's Duties*

The first thing you should do when you retire to deliberate is take a vote to select one of you to sit as your foreperson. The foreperson will send out any notes, and when the jury has reached a verdict, he or she will notify the court security officerthat the jury has reached a verdict, and when you come into open court, the foreperson will be asked to state what the verdict is.

### *4.5. Verdict Form and Return of Verdict*

Once you have made your verdict, you will record your decisions in a verdict form which I have prepared for you.  You should also proceed through the questions in the order in which they are listed, following the instructions on that form.

Once you have completed the form, the foreperson should then fill in the verdict sheet and date it, and each of you should sign it.  The foreperson should then give a note to the court security officer outside your door stating that you have reached a verdict.  Do not specify what the verdict is in your note.

Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

38

### *4.6. Oath*

I remind you that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law.  Your oath sums up your duty.  I know that you will do your duty and reach a just and true verdict.

### *4.7. Exceptions*

I will ask you to remain seated while I confer with the attorneys to see if there are any additional instructions that they would like to have given to you or if there is anything I may not have covered.  In this regard, I ask you not to discuss the case while seated in the box because the case has not yet been formally submitted to you.

#                    #                    #

Members of the jury, that concludes my instructions to you.  You may now retire to the jury room and begin this phase of your deliberations.  As a first matter of business, please select a foreperson and send me a note, signed, dated, and timed, through the court security officer or my deputy, Mr. Fishman, telling me whom you have elected as your foreperson.

40